UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GUY J. PAIDER,

      Plaintiff,

      v.                                                                             Case No. 05-C-371

JAMES SCHUMITSCH, and
CITY OF WEST ALLIS,

      Defendant.

**DECISION AND ORDER GRANTING THE DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I. BACKGROUND**

This action was commenced on April 1, 2005, when the plaintiff, Guy J. Paider ("Paider"), filed a complaint in the United States District Court for the Eastern District of Wisconsin alleging that the defendants deprived him of his Eight Amendment right to be free from the excessive use of force in violation of 42 U.S.C. § 1983. Paider also alleged state law claims of assault, battery, and the intentional infliction of emotional distress.

Currently pending before the court is the defendants' motion for partial summary judgment. The motion is fully briefed and is ready for resolution. For the reasons which follow, the defendants' motion for partial summary judgment will be granted.

In accordance with the provisions of Civil Local Rule 56.2(a) (E.D. Wis.), the defendants' motion for partial summary judgment was accompanied by a set of proposed findings of fact and the plaintiff's response to the defendants' motion contained responses to the defendants' proposed

findings as well as additional proposed findings. A review of the parties' respective proposed findings and the responses thereto reveal that the following are the material facts that are relevant to the disposition of the defendants' motion for partial summary judgment.

Paider alleges that he was subjected to excessive force by West Allis Police Officer James Schumitsch ("Schumitsch") on April 4, 2003. (Def.'s Proposed Findings of Fact ("DPFOF") ¶ 1.) Paider also alleges that "the conduct of [Officer Schumitsch] constitutes assault, battery, and the intentional infliction of emotional distress under state law." (DPFOF ¶ 2.) Paider's complaint names the City of West Allis as a defendant only in its capacity as indemnor pursuant to Wis. Stat. § 895.46. In their answer, the defendants admitted the existence of this court's jurisdiction over Paider's state law claims. (Pl.'s Proposed Findings of Fact ("PPFOF") ¶ 5.).

## II. DISCUSSION

The defendants move for partial summary judgment arguing that because the plaintiff failed to comply with Wis. Stat. § 893.80(1), his state law assault, battery, and intentional infliction of emotional distress claims must be dismissed. Wisconsin Statute § 893.80(1) provides in pertinent part:

> [N]o action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . political corporation, governmental subdivision or agency and on the officer, official, agent or employee under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the . . . corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the

2

Case 2:05-cv-00371-WEC   Filed 09/27/06   Page 2 of 7   Document 44

> defendant . . . corporation, subdivision or agency to the defendant officer, official, agent or employee; and
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . corporation, subdivision, or agency and the claim is disallowed.

Wis. Stat. § 893.80(1).

In response, Paider argues that because compliance with Wis. Stat. § 893.80 is jurisdictional, and because the defendants admitted in their answer that this court has jurisdiction over Paider's state law claims, the defendants have waived any defense based upon Paider's alleged noncompliance with Wis. Stat. § 893.80(1). Compliance with § 893.80(1), however, is not jurisdictional. In *Gillen v. City of Neenah*, the Wisconsin Supreme Court stated that:

> these statutory conditions or conditions precedent [in Wis. Stat. § 893.80(1)(b) ] have nothing to do with subject matter jurisdiction of a circuit court. They deal only with the appropriate conditions set by the legislature as a prerequisite for commencing or maintaining an action. . . . Whether or not a proper claim has been filed, the circuit court has jurisdiction of the subject matter.

219 Wis. 2d 806, 824-25, 580 N.W.2d 628, 635 (1998) (citations omitted); *see also Schwetz v. Employers Ins. of Wausau*, 126 Wis. 2d 32, 37, 374 N.W.2d 241, 244 (1985) *overruled on other grounds by Colby v. Columbia County*, 202 Wis. 2d 342, 550 N.W.2d 124 (1996) ("[T]he requirements of sec. 893.80 do not apply to subject matter jurisdiction. They deal only with the conditions for properly commencing a suit. Whether a proper claim has been filed, the circuit court still has jurisdiction of the subject matter.")(citing *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 51 n.6, 357 N.W.2d 548, 552, n.6 (Wis. 1984)).

Indeed, "[w]hile compliance with the notice requirements of § 893.80 might affect whether the plaintiff[] [has] stated a valid cause of action under Wisconsin law, the existence of subject

matter jurisdiction is not in dispute." *Peninsula Properties, Inc. v. City of Sturgeon Bay*, 2005 WL 3435073 at *2 (E.D. Wis. 2005). This is because federal law controls this court's subject matter jurisdiction and state law cannot expand or contract that grant of jurisdiction. *Id.* Simply put, because compliance with § 893.80(1) is not jurisdictional, the defendants' admission that this court has subject matter jurisdiction over the plaintiff's state law claims does not bar the defendants from now arguing that Paider's alleged noncompliance with Wis. Stat. § 893.80(1) compels the dismissal of such claims. This is so especially in light of the fact that the defendants raised noncompliance with § 893.80(1) as an affirmative defense in their answer.

Relying upon *Oliveira v. City of Milwaukee*, 242 Wis. 2d 1, 624 N.W.2d 117 (2001), Paider also argues that because the defendants admitted jurisdiction over his state law claims, they should be estopped from now arguing that his alleged noncompliance with § 893.80(1) compels the dismissal of his state law claims. (Pl.'s Br. at 5.) In *Oliveira*, the Wisconsin Supreme Court held that because the plaintiffs "relied on the [defendant's] request that the circuit court treat the case as if notice [under Wis. Stat. § 893.80(1)] had been given before the action was filed, [the defendant was] estopped from changing its position to the plaintiffs' detriment by arguing [later on] . . . that the plaintiffs' failure to comply with the notice of claim provisions of Wis. Stat. § 893.80(1)(b) bar[red] th[e] action." 242 Wis. 2d at 12, 624 N.W.2d at 122. *Oliveira*, however, is distinguishable from this case. In *Oliveira*, the plaintiffs relied upon the defendant's statements before the circuit court that the court should treat the action as if notice had been filed in accordance with § 893.80(1)(b) when the plaintiffs decided not to file a notice of claim pursuant to § 893.80.

Here, the plaintiff could not have relied upon the defendants' admission of jurisdiction when he decided not to file a notice of claim because the defendants' admission was made long after the

4

period of time in which Paider could have filed a notice of claim and injury had lapsed. Indeed, the incident giving rise to Paider's claim occurred on April 4, 2003. Thus, pursuant to § 893.80(1), Paider had 120 days, that is, until approximately August 4, 2003, to file his notice of claim with the City of West Allis. This period of time came and went and Paider did not file a formal notice of claim with the City. Yet, it was not until June 14, 2005 that the defendants filed their answer in this action in which they admitted that this court has jurisdiction over Paider's state law claims. Such being the case, Paider could not have relied upon the defendants' admission of jurisdiction over his state law claims and then decided not to file a notice of claim and injury with the City. This is because when the defendants admitted jurisdiction over Paider's state law claims, the period of time in which Paider could have filed a notice of claim and injury had long since passed. Consequently, the defendants are not estopped from arguing that Paider's noncompliance with § 893.80(1) compels the dismissal of his state law claims.

Paider also argues that his state law claims should not be dismissed because the City had "actual notice" of his claims of assault, battery, and intentional infliction of emotional distress. More precisely, Paider argues that because the City of West Allis Fire Department conducted a formal investigation of the incident which occurred on April 4, 2003, the City had actual notice of his state law claims. To be sure, the Fire Department conducted a formal investigation of the incident that occurred between Paider and Schumitsch at Kelley's Bleachers on April 4, 2003. Such being the case, Paider argues that as a result of the Fire Department's investigation, the City "had actual notice of the circumstances of his claim, his side of the story, and information regarding the nature of his injuries and *damages*." (Pl.'s Br. at 4.) (emphasis added). Yet Paider has not produced *any* evidence to support his allegation that at some point during the Fire Department's investigation of the April

5

4, 2003 incident Paider revealed what damages he incurred as a result of Officer Schumitsch's alleged misconduct.

Simply put, based upon my review of the Filing of Charges and Request for Disciplinary Action prepared by the Fire Chief of West Allis, I am persuaded that the sole focus of the Fire Department's investigation of the incident was to determine whether Paider, a West Allis firefighter, violated any of the rules and regulations of the West Allis Fire Department during his encounter with Schumitsch at Kelly's Bleachers on April 4, 2003. (Witt Aff., Ex. A.) Thus, although the Fire Department conducted a formal investigation of the April 4, 2003 incident, which included interviews with both Paider and Schumitsch, I cannot say that simply because the Fire Department investigated the incident, the City had actual notice of the circumstances giving rise to Paider's claims of assault, battery, and intentional infliction of emotional distress against Officer Schumitsch and the damages Paider incurred as a result of such incident. Furthermore, even assuming, arguendo, that the City had actual notice of Paider's state law claims within 120 days of the event giving rise to such claims, the plaintiff has not met his burden of establishing that the City was not prejudiced by his failure to provide formal notice of his claims. *Elkhorn Area School Dist. v. East Troy Community School Dist.*, 110 Wis.2d 1, 5, 327 N.W.2d 206, 208 (Wis. Ct. App. 1982) ("The plaintiff has the burden of proving the giving of notice or actual notice and the nonexistence of prejudice.")

Additionally, even assuming, arguendo, that the City had actual notice of Paider's claims and was not prejudiced by Paider's failure to provide formal notice, Paider still failed to comply with Wis. Stat. § 893.80(1)(b). To reiterate, § 893.80(1)(b) provides that in order to maintain an action against a governmental subdivision the plaintiff must present "[a] claim containing . . . an itemized statement of the relief sought . . . to the appropriate clerk or person who performs the duties of a clerk

. . . for the defendant . . . corporation, subdivision, or agency." Wis. Stat. § 893.80(1)(b). The Wisconsin Supreme Court has stated that "a dollar amount of a damage claim must be stated in a notice of claim in order to give the municipality a meaningful and knowledgeable opportunity to settle the claim." *Figgs*, 121 Wis.2d at 44, 54, 357 N.W.2d at 548. Here, Paider did not file a claim containing an itemized statement of the relief sought. Nor did Paider present any evidence that would show that Paider had in fact relayed the amount of damages which he sought to the City or the Fire Department within 120 days of the event giving rise to his claims. Such being the case, and for all of the foregoing reasons, the defendants' motion for partial summary judgment will be granted and Paider's state law claims for assault, battery, and intentional infliction of emotional distress will be dismissed.

There is one final housekeeping matter to address. On June 14, 2006, the defendants filed a motion in limine. On June 23, 2006, the plaintiff filed his response, and on July 6, 2006, the defendants filed their reply. Thus, the defendants' motion in limine is now fully briefed. The court will take this matter up at the final pretrial conference on November 29, 2006.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion for partial summary judgment be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's state law claims for assault, battery, and intentional infliction of emotional distress be and hereby are **DISMISSED**.

**SO ORDERED** this 27th day of September 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge